# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| CAMETRICE P. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV417-239 |
| | ) | |
| MARY F. WALKER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Cametrice Walker has filed this case against several defendants, apparently relatives of her husband, who she contends stole two million dollars from her.[1] *See* doc. 1 at 22. Nevertheless, her case must be dismissed because this Court lacks subject matter jurisdiction over her claims. She also seeks to pursue her case *in forma pauperis*. Doc. 2. For jurisdictional purposes only, her request is **GRANTED**. *Id.*

---

[1] Given the scattered presentation of the factual allegations, it is impossible to discern exactly what wrongful conduct she is alleging. The allegation that the funds were "stolen" is conclusory, at best. Thus, it seems unlikely that her Complaint states a federal claim upon which relief can be granted. However, those references *suggest* a state-law conversion claim. That suggestion might support giving Walker leave to amend her allegations where the Court has subject matter jurisdiction over the case. Even supposing the assertion of such a claim, however, Walker's Complaint fails to sufficiently allege any basis for such jurisdiction, as discussed below. Accordingly, there is no need to delve further into the factual basis, if any, of such a claim.

The Court has an obligation to determine "whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Nalls v. Country Wide Home Servs., LLC*, 279 F. App'x 824, 825 (11th Cir. 2008) (quotes and cite omitted). Federal courts are courts of limited jurisdiction. It is presumed that a case lies outside that jurisdiction, and the party asserting jurisdiction (here, the plaintiff) bears the burden of overcoming that presumption. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) (cites omitted).

In the first instance, a plaintiff's Complaint must establish the grounds for a federal court's jurisdiction. *See, e.g., Butler v. Morgan*, 562 F. App'x 832, 834 (11th Cir. 2014) (noting that court may dismiss for lack of subject matter jurisdiction "based on . . . the complaint alone," among other bases). "Federal question jurisdiction exists only when the

'well-pleaded complaint standing alone establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Id.* at 472 (quoting *Franchise Tax Bd. of the State of Cal. V. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27-28 (1983)). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

Walker alleges both that her claims present a federal question and that there is diversity of citizenship between her and the defendants. Doc. 1 at 5. She states that her claim presents a federal question under the Fourteenth Amendment's Equal Protection Clause, the Third Amendment (which limits the quartering of soldiers in private homes), "United States antitrust law[,] basic human rights from abuse[, and] the right to privacy." Doc. 1 at 5. Despite her references to the Constitution and federal law, and even liberally construed, her Complaint suggests only a state-law conversion claim. *See, e.g,* O.C.G.A. § 51-10-1 (recognizing a cause of action for deprivation of possession of personal property). She has also failed to allege complete diversity because she

alleges that one of the defendants, like her, is a Georgia resident. *See* doc. 1 at 6-7 (alleging defendant Dempsey Walker, Sr. resides in Pooler, Georgia).

Since Walker has not borne her burden of establishing any basis for this Court's subject matter jurisdiction over her claims, her Complaint should be **DISMISSED**. *See* Fed. R. Civ. P. 12(h)(3 ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although a *pro se* plaintiff should generally be afforded the opportunity to amend her complaint before dismissal, the Court discerns no basis for a viable amendment, given the Complaint's allegations.[2] *See Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010). Any amendment, therefore, would be futile. *See id.* at 426 (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)) (opportunity to amend is not necessary "'where amendment would be futile.'").

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may

---

[2] Despite the lack of any apparent basis for viable amendment, Walker's opportunity to object to this Report and Recommendation within 14 days of service, *see infra*. affords her an opportunity to resuscitate her case.

file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any requests for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Michell v. United States.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 15th day of December, 2017.

_____<br>
UNITED STATES MAGISTRATE JUDGE<br>
SOUTHERN DISTRICT OF GEORGIA